(64 South. 799.)

No. 20,253.

STATE v. BELAS.

(Jan. 19, 1914. Rehearing Denied Feb. 16, 1914.)

*(Syllabus by Editorial Staff.)*

CRIMINAL LAW (§ 1134*)—QUESTIONS REVIEWABLE—QUESTIONS OF FACT.

The jurisdiction of the Supreme Court in criminal cases is confined to questions of law, and questions of fact will not be reviewed, and the court cannot look into the evidence attached to a bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2587, 2653, 2986–2998, 3056, 3067–3071; Dec. Dig. § 1134.*]

Appeal from the Juvenile Court, Parish of Orleans; A. H. Wilson, Judge.

John Belas was convicted of selling liquor to a minor, and he appeals. Affirmed.

James O'Connor, of New Orleans, for appellant. Chandler C. Luzenberg, Dist. Atty., A. D. Henriques, Jr., Asst. Dist. Atty., and B. J. Daly, Asst. Dist. Atty., all of New Orleans, for the State.

PROVOSTY, J. This is an appeal by the accused, John Belas, from a conviction before the juvenile court upon an affidavit charging that he—

"did conduct a barroom and drinking saloon where alcoholic, vinous and malt liquors and intoxicating beverages are sold directly and indirectly in quantities less than five gallons, and did then and there unlawfully and willfully sell and permit to be sold and unlawfully and willfully give and permit to be given to one Rose Duverny, a minor child aged 16 years, intoxicating liquor."

This affidavit is founded upon section 6 of Act No. 176, p. 239, of 1908, commonly known as the Gay-Shattuck Law, which provides, as follows:

"Section 6. Be it further enacted, etc., that hereafter it shall be unlawful for any person, firm or corporation, conducting a barroom, cabaret, coffee house, café, beer saloon, or other place where spirituous, vinous or malt liquors or intoxicating beverages are sold, in this state, to sell or permit to be sold or give or permit to be given, any intoxicating liquors to women, or girls, or minors, or to set apart in such places any apartment where intoxicating liquors are sold to girls or women, or minors, or to permit girls or women, or minors, to enter or drink in any such apartment; provided, that nothing in the foregoing part of this section shall apply to hotels, boarding houses or restaurants where malt, vinous or other liquors are sold in connection with the service of meals or supplied to guests."

On the trial, when the prosecution closed its evidence, the accused moved the court to dismiss the case for the reason that the facts

proved did not support the charge, and, this motion having been overruled, moved successively, but unsuccessfully, on the same ground for a new trial and in arrest of judgment.

His contention upon all these motions is that the liquor was not sold in a barroom, but in a grocery, and not to be drunk on the premises, but to be carried home, and that the said statute applies only to barrooms, and where the liquor is to be drunk on the premises.

The charge, as contained in the affidavit, is that the liquor was sold in a barroom; and the trial court, by finding guilty, found that charge to be true upon the facts. In order to review that finding, this court would have to review the facts, and for doing this it has no jurisdiction; its jurisdiction, in criminal cases, being confined to questions of law. In vain, therefore, has the evidence been brought up attached to a bill of exception; this court cannot look into it.

Judgment affirmed.