(138 So. 853)

**STATE v. CAMPBELL et al.**
No. 31295.

Nov. 30, 1931.

as principals for robbing a bank in the town of Kentwood on September 11, 1930. On arraignment, Campbell pleaded guilty and the other defendants pleaded not guilty.

The defendants Williams, Sandifer, and Kent were tried and convicted in the early part of 1931, the trial judge sentencing each of them to imprisonment from nine to fourteen years in the penitentiary. From their convictions and sentences, all the defendants have appealed, seeking relief on the ground of alleged errors submitted under a number of bills of exception.

All the bills of exception were reserved jointly by the three appellants, except bills Nos. 1, 20, and 21, which were reserved by Richard Kent individually; an unnumbered bill (Tr., p. 131) which was reserved by G. S. Sandifer individually; a bill designated as No. 6 (Tr., p. 132) which was reserved by T. L. Williams individually; and bills Nos. 11, 16, and 17 which were reserved jointly by Kent and Williams.

Bill No. 1. Before trial, defendant Kent applied for a severance. The application, which was in the form of an original motion and a supplemental motion, was denied by the trial judge.

We have been unable to find the supplemental motion and the testimony adduced on the trial of the application in the voluminous and confused transcript brought up to this court. But it appears from the original motion, the note of evidence attached to the bill, the statement of the trial judge and the argument of counsel on the bill, that the applicant asked for a severance on the ground of the general prejudice existing against persons charged with bank robbery, because of the prevalence of the crime, and of an alleged local prejudice existing against all his codefendants, who were nonresidents of the state, which was calculated to react unfavor-

Amos L. Ponder, Sr., of Amite, and Bidwell Adams, of Gulfport, Miss., for appellants G. S. Sandifer and T. L. Williams.

James D. Womack, of Baton Rouge, and B. & M. Purser, of Amite, for appellant Richard A. Kent.

Percy Saint, Atty. Gen., Robert S. Ellis, Jr., Dist. Atty., of Amite, E. R. Schowalter, Asst. Atty. Gen. (Robert S. Ellis, Sr., of Amite, and Columbus Reid, of Hammond, of counsel), for the State.

ROGERS, J.

Vincent Campbell, G. S. Sandifer, Thomas L. Williams, and Richard Kent were indicted

ably as to him if he was placed on trial with them.

The testimony adduced on the trial of the application for a severance satisfied the trial judge that there was no merit in the request. The testimony is not in the record, and hence this court is not advised as to the facts and must assume that the ruling of the trial judge was correct.

■ Bill No. 2. This bill is founded on an objection, which was overruled, to the appearance on behalf of the state of one of the associate counsel. The bill is not mentioned nor referred to in the briefs filed on behalf of the appellants, and therefore must be considered as abandoned by them.

■ Bill No. 3. The trial judge overruled a challenge for cause directed to O. W. Herring, a prospective juror, who was thereupon peremptorily challenged by the defense. The bill reserved to the ruling sets forth that Mr. Herring was the vice president of the Citizen's National Bank of Hammond, and was of the opinion that the bank had contributed to a fund to be used in offering a reward for the apprehension of the guilty parties and in employing special counsel to assist in the prosecution of the cause. The trial judge declared in his statement annexed to the bill that he knew Mr. Herring to be a fair and impartial man, and considered his demeanor and answers sufficient to qualify him. We think the examination of the prospective juror fully sustains the ruling of the trial judge.

Mr. Herring was interrogated in reference to a contribution by his bank, as a member of the American Bankers' Association, to a fund to be used in offering a reward for the robbers and in the prosecution of this case. It appears that Mr. Herring, though styled a vice president, is not active in the affairs of the bank. He testified that he thought the officers of the bank had a conference in reference to the matter about which he was interrogated, but that he was not present at the conference and did not know what was done. He further testified that his connection with the bank would not influence him at arriving at a verdict, and that he could give the defendants a fair and impartial trial. The answers of the prospective juror were fairly and frankly given, and have satisfied us that he is possessed of the qualifications required for a good juror.

■ Bills Nos. 4, 5, and 6. These bills relate to challenges for cause of Charles Henry, Joe Foulks, and Charlie Pierce, who were called for examination as jurors. The challenges were overruled, and the prospective jurors were then challenged peremptorily by the defendants. Each of the veniremen testified, substantially, that he had formed and expressed an opinion about the case from what he had read in the newspapers and from discussions with various persons, and that his opinion was fixed and would naturally require strong evidence to remove it. But none of the prospective jurors had discussed the case with any of the witnesses or knew anything of the facts personally. All of them declared that they could disregard their opinions and would be governed solely by the testimony adduced on the trial of the case. We think, after reading their examination on their voir dire, that they were competent jurors. See State v. Birbiglia, 149 La. 4, 88 So. 533; State v. Flores, 169 La. 22, 124 So. 132.

■■ Bill No. 7. This bill was reserved to the overruling of defendants' objection to the calling on his voir dire of the prospective juror, Jacob V. Harper. The circumstances on which the bill is predicated are, as we understand the record, as follows, viz.: On the third day of the trial, during the impaneling

of the jury, thirty names were drawn from the tales jury box. A list of these names was made by the sheriff, and he was ordered to summon the tales jurors into open court to complete the jury. None of the jurors being present in court, and none having arrived and been accepted, the clerk of court was ordered to again produce and open the tales jury box, and to draw five more names therefrom to complete the jury. This having been done, the sheriff was furnished with a list containing the five names. While the sheriff was absent from the courthouse for the purpose of summoning the five tales jurors, Jacob V. Harper, who was one of the thirty tales jurors previously summoned, reported on his summons into open court and was called for examination on his voir dire. Defendants objected to the examination on the ground that the list on which Harper's name appeared had been abandoned, and that defendants were entitled to call the first juror on the list of the five jurors drawn from the tales jury box, especially in view of the fact that they had exhausted their peremptory challenges. The venireman was examined and, proving to be competent, was ordered to sit as the twelfth juror, completing the jury.

The right of the defense in the impaneling of a jury is one of rejection and not of selection. Defendants were not forced to accept an "Obnoxious juror." Code Cr. Proc. art. 353. And they have shown no injury as a result of the ruling of the trial judge. We do not find any merit in the bill.

Bills Nos. 8, 9, and 10. These bills were not argued orally and are not referred to in defendants' briefs, hence they will not be considered by this court.

Bill No. 11. This bill will be discussed in connection with bills Nos. 16 and 17.

Bills Nos. 12, 13, 14, and 15. These bills were not orally argued and are not referred to in defendants' briefs, hence they will not be considered by this court.

Bills Nos. 11, 16, and 17. Bill No. 11 was reserved to the overruling of an objection made on behalf of the defendants Richard Kent and Thomas L. Williams during the examination in chief of one Sam Jones, a witness for the state. The objection was urged against the introduction of any evidence against the defendants in question until it had been shown they were present, acting together, aiding and abetting in the commission of the crime. On the statement by counsel for the state that the purpose of the testimony was to prove that the defendants Kent and Williams were accessories before the fact, the trial judge overruled the objection "in view of the fact of the law making accessories before the fact principals." Code Cr. Proc. art. 238.

Bill No. 16 was reserved on behalf of Kent and Williams to the refusal of the trial judge to give five out of nine special charges tendered by them. These special charges were Nos. 1, 2, 3, 5, and 9. The object of the charges was to inform the jury that a person may participate in the crime of robbery either as a principal or as an accessory; to define the terms and to explain the distinction between them; that one who is convicted as a principal cannot be convicted as an accessory before the fact; and that article 238 of the Code of Criminal Procedure has not repealed or modified the jurisprudence of the state relative to accessories.

Bill No. 17 was reserved on behalf of Kent and Williams to the overruling of their objection to a portion of the general charge of the trial judge. The portion of the charge objected to read as follows, viz.:

"I charge you gentlemen, that if the State of Louisiana has proved to your satisfaction,

and beyond a reasonable doubt that any of these defendants advised, agreed or urged the parties who committed this crime to commit the same, or who in some way aided them to commit the same, though not actually present at the scene of the crime; and that the crime was committed by the persons advised, agreed or in some way assisted by the party, who, though not actually present, did any one of the things above described, he would be deemed an accessory before the fact, indicted as a principal, equally guilty as a principal and is to be found guilty as a principal.

"I charge you that the offense for which the defendants are on trial is not one of these offenses wherein the aiding in or abetting in, or the procuring of the commission of the crime is made a distinct offense. Under the law the aider and the abetter and the accessory before the fact may each be indicted as a principal, that is to say charged directly with the commission of the crime."

The objection to the charge was in the following language, viz.:

"That the first part thereof is contradictory of the second part thereof. For the additional reason that it is not the law that all persons are principals who are guilty of acting together in the commisson of a crime; that the article of the Code of Criminal Procedure of this State, being Article 238, pertaining to the prosecution of accessories before the fact, pertains to procedure entirely, and was never intended and does not under any circumstances provide that accessories before the fact can be convicted as principals; that it is not true as a matter of law that all persons are principals who are guilty of acting together in the commission of a crime charged, for the reason that one cannot be a principal unless present, actually or constructively."

"That the latter part thereof is in violation of Act No. 8 of the Extra Session of the Legislature of Louisiana for the year of 1870."

The defendants Kent and Williams contend that they were six miles away from the scene of the robbery, which was committed without their knowledge, sanction, or approval, and hence their convictions are without any evidence to support them. But this court, under the constitutional inhibition (Const. art. 7, § 10), cannot pass upon the sufficiency of the evidence upon which the defendants were convicted. There was testimony offered by the state tending to show that the three defendants, together with Vincent Campbell and a man named Ragan, shortly before the actual robbery conspired to rob the Bank of Greensburg, La. That on the day of the robbery Ragan, Campbell, and Sandifer left Kent and Williams and drove over to the town of Greensburg for the purpose of committing the crime agreed upon, and that Kent and Williams were stationed in an automobile at a point some miles distant from Greensburg and six miles from Kentwood for the purpose of assisting in the escape of their coconspirators. That when Ragan, Campbell, and Sandifer arrived at Greensburg they found the bank closed, and Ragan, who apparently was the leader in the enterprise, declared, "We have come down here to take a Bank, By God we will take the one at Kentwood." That, accordingly, they drove over to Kentwood and robbed the bank of that town. Kent and Williams contend that this was done without their knowledge and consent, and there is some testimony in the record tending to support their contention. The robbers, as they left Kentwood, were pursued by a posse, which, late the same afternoon, shot and killed Ragan. Williams was arrested the same day while driving an automobile on the highway in an intoxicated condition. Campbell and

the defendants Kent and Sandifer were arrested some time thereafter.

The defendants Kent and Williams were indicted as principals. But they set up the plea that they were not present, either actually or constructively, when the bank of Kentwood was robbed; and, as hereinbefore stated, there was some testimony adduced tending to show that at most these particular defendants were no more than accessories, either before or after the fact, to the crime.

The trial judge, in his general charge, instructed the jury as to the distinction between a principal and an accessory, but he refused to charge that a person who is indicted as a principal cannot be legally convicted as an accessory; and he actually charged, on the authority of article 238 of the Code of Criminal Procedure, that an accessory before the fact is equally guilty as a principal and may be indicted and convicted as a principal.

The settled jurisprudence of the state prior to the adoption of the Criminal Code, which jurisprudence is extensively reviewed in State v. Rodesta, 138 So. 124, recently decided by this court, was that an accessory before the fact could not be convicted on an indictment charging him as a principal. That jurisprudence is now reinstated by our decision in the Rodesta Case, where we held that article 238 of the Code of Criminal Procedure is unconstitutional, in that it attempts to effect a change in the substantive law by abolishing the distinction between an accessory before the fact and a principal. Hence, the rulings of the trial judge excepted to under bills Nos. 1, 16, and 17 are erroneous and constitute reversible error.

The defendants Kent and Williams were entitled to have testimony tending to show they were accessories admitted solely for that purpose and not for the purpose of showing they were principals; and to have the trial judge properly charge the jury that if they found from the testimony these particular defendants were guilty as accessories, either before or after the fact, they could not be convicted as principals.

Bill No. 18. This bill was reserved to the trial judge's general charge on what constitutes an alibi. The bill was not argued orally and is not referred to in defendants' briefs; hence, it will not be considered by this court.

■ Bill No. 19. This bill was reserved to the overruling of the defendants' objection to the reception of the verdict, because the jury had taken the general written and special charges of the trial judge into the jury room. The record shows that the charges were delivered to the jury, if not at the request of defendants' counsel, certainly without any objection on their part; the objection being made only upon the announcement that the jury had arrived at a verdict and was ready to report. And the law is that it is not improper for the jury to take with them into the jury room the written charge of the trial judge. State v. Riggio, 124 La. 614, 50 So. 600.

Bill No. 20. This bill was reserved to the overruling of a motion for a new trial filed on behalf of Richard Kent. The motion reiterates the alleged errors of the trial judge as set forth in the various bills of exception, alleges the bias of one of the jurors as rendering him incompetent to serve as such, and pleads the unconstitutionality of article 238 of the Code of Criminal Procedure. In view of our ruling on bills Nos. 11, 16, and 17, the motion should have been granted.

Bill No. 21. This bill was reserved to the overruling of a motion in arrest of judgment filed on behalf of Richard Kent. The motion reiterates the alleged errors committed by the

trial judge in charging the jury, and also sets up the unconstitutionality of article 238 of the Code of Criminal Procedure. The motion was well founded.

Bill No. 6 (Tr. 132) was reserved by the defendant T. L. Williams to the overruling of his motion for a new trial. The motion is substantially the same as the motion filed on behalf of Richard Kent, referred to supra. It should have been granted.

■ An unnumbered bill appearing at page 132 of the transcript was reserved to the overruling of a motion for a new trial filed on behalf of the defendant G. S. Sandifer.

The motion alleges that Sandifer's conviction was contrary to the law and the evidence. He reiterates the bills of exception taken during the trial. He avers that his identification as a participant in the crime by two of the bank's employees was uncertain and not sufficient corroboration of the testimony of Vincent Campbell, one of the robbers, connecting him with the crime. The question raised by the motion involves the sufficiency of the evidence and cannot be passed on by this court. It is also alleged, in the motion, that the mover was in Brookhaven, Miss., at the time of the robbery, and that he could establish that fact by several persons. However, he does not set forth the names of these persons. And it appears, from the allegations of the motion, that testimony on mover's alleged alibi was actually given by two citizens of Brookhaven on the trial of the case. There is no merit in the bill.

For the reasons assigned, the conviction and sentence of the defendant G. S. Sandifer are affirmed; and the convictions and sentences of the defendants Richard Kent and Thomas Lafayette Williams are annulled, and as to them the case is remanded to the district court for further disposition according to law.