FOURNET, Chief Justice.
 

 The defendant, Sidney George Champagne, prosecutes this appeal from his conviction and sentence to serve four years and ten months at hard labor in the Louisiana State Penitentiary on a Bill of Information charging him with burglary,
 
 [1]
 
 in that he did “without authority enter the building owned by Mrs. Connie Pertuit, and leased and occupied by Waldo J. Labbe for the purpose of operating therein the business known as
 
 *854
 
 Labbe’s Drug Store, and being located at 1700 Barrow Street, Houma, Louisiana, with intent to commit a theft therein,” relying for reversal thereof on three errors allegedly committed during the course of the trial.
 
 [2]
 

 The first error complained of emanates from the overruling of the defendant’s objection to the admission of the state’s first exhibit, the contract of lease whereby Adolph Pertuit leased to Waldo J. Labbe the premises at 1700 Barrow Street wherein the latter operated Labbe’s Drug Store, whereas in the Bill of Information it is alleged the owner of the premises is Mrs. Connie Pertuit.
 

 While we think the better procedure would have been for the trial judge, before admitting the evidence, to have ordered that the Bill of Information be amended in respect to the variance (Article 488 of the Code of Criminal Procedure),
 
 [3]
 
 and then if, after considering all of the circumstances of the case and the course of the prosecution, the court concluded the defendant had been prejudiced in his defense on the merits by. such amendment, to have granted a continuance (Article 489 of the Code of Criminal Procedure),
 
 [4]
 
 we are not authorized to set aside a conviction or grant a new trial in a criminal case on the ground of improper admission of evidence “unless in the opinion-of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights óf the accused, or constitutes a substantial violation of a constitutional or' statutory right.” Article 921 of the Code of Criminal Procedure.
 

 The fact that the name of the owner as stated in the information was at variance with the evidence
 
 [5]
 
 cannot be said to prejudice the cause of the defendant, for,
 
 *856
 
 as was very aptly observed in State v. Simmons, 249 La. 647, 190 So.2d 83,
 
 “The purpose of requiring an indictment or information for burglary to state the name of the person who occupied and used the building entered is to negative defendant’s right to break and enter, and to protect him from' a second prosecution for the same offense, and such purpose is sufficiently satisfied where it is alleged and proved that a person other than defendant occupied and used the building when it was entered.”
 
 In the course of the opinion the court further observed, “The test, for the purpose of determining in whom the ownership of the premises should be laid in an indictment for burglary, is not the title, but the occupancy or possession at the time the offense was committed.” (The emphasis has been supplied.)
 

 The record clearly supports the allegations of the information that the defendant burglarized the property located at 1700 Barrow Street, Houma, Louisiana, leased and occupied by Waldo J. Labbe, and wherein he operated “Labbe’s Drug Store.” We therefore conclude the error complained of does not justify a reversal of the conviction by this court.
 

 The next bill relied on by appellant was reserved when the trial judge overruled defendant’s motion for a directed verdict, and which is based upon the allegation that the state failed to introduce any evidence (1) “that the Defendant did without authority enter the building ‘owned by Mrs. Connie Pertuit;’” (2) “of any unauthorized entering as required by law;” or (3) “that such entry was with the intention of the Defendant to commit a theft.”
 

 The first point forming the basis of this motion has been disposed of above in our consideration of the defendant’s first complaint.' As to the last two, they are equally without merit.
 

 Although the appellate jurisdiction of this court is specifically limited by our constitution to questions of law alone,
 
 [6]
 
 when it is asserted, as here, that there is a total lack of evidence to support the conviction of the crime charged, or any element thereof, this raises a question of law that is subject to our review.
 
 [7]
 
 In other words, this court lacks jurisdiction to decide a question of fact or the sufficiency of the evidence relating to the guilt or innocence of a party accused in a criminal prosecution; and,
 
 *858
 
 where there is some evidence to sustain the conviction, the Supreme Court cannot pass upon the sufficiency thereof, as that comes within the exclusive province of the trial judge and the jury. State v. Campbell, 173 La. 831, 138 So. 853; State v. Verret, 174 La. 1059, 142 So. 688; State v. Fountain, 175 La. 221, 143 So. 55; State v. Bonner 193 La. 387, 190 So. 621; State v. Allen, 200 La. 687, 8 So.2d 643; State v. McDonell, 208 La. 602, 23 So.2d 230; State v. Haddad, 221 La. 337, 59 So.2d 411.
 

 A perusal of the record unmistakably shows that there was ample evidence in the record to justify the jury’s conviction of the defendant for the crime charged.
 

 The last error allegedly committed that is complained of in this appeal, that is, that the trial judge erroneously overruled defense motion for a mistrial, which is based on the fact that while the prosecuting attorney was making his closing argument to the jury four police officers who had been subpoenaed as witnesses and placed under the rule were present in the courtroom, is without merit, for, as was pointed out by this court in State v. Carter, 206 La. 181, 19 So.2d 41, “The purpose of removing the witnesses from the courtroom to a position where they could neither hear nor see what was taking place in the trial, is to have them testify to what they know in a truthful and accurate way and to prevent a witness from being guided and influenced by the testimony of the others.”
 
 [8]
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 . Jt.S. 14:62 — “Simple burglary is the 'hmaiiiliorized- ’ehtei-ing of any vehicle, water craft, dwelling or other structure, movable or immovable, with' the intent
 
 *854
 
 to commit any forcible felony or any theft therein, other than as set forth in Article 60.
 

 “Whoever commits the crime of simple burglary shall be imprisoned at hard la-bar for not more than nine years.”
 

 [2]
 

 . Although eleven Bills of Exceptions were reserved, eight have been abandoned.
 

 [3]
 

 . This article provides that ‘When there is a variance between the allegations of an indictment or bill of particulars which state the particulars of the offense, and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance, and then admit the evidonee.”
 

 [4]
 

 . “If it is shown, on motion of the - defendant, that the defendant has been prejudiced in • his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances'bf the case and the entire course of the prosecution. If it becomes necessary to discharge. the original jury from further consideration of the case, the trial before a new jury will not constitute double jeopardy.”
 

 [5]
 

 . Although he offered no evidence in- this respect, the prosecuting attorney.-informed
 
 *856
 
 the court that Adolph Pertuit had died and his widow, Mrs. Connie Pertuit, was the present owner.
 

 [6]
 

 . “The Supreme Court has control of, and general supervisory jurisdiction over all inferior courts. * * * In civil cases, its appellate jurisdiction extends to both the lav? and facts. In criminal matters, its appellate jurisdiction extends to questions of law only.” Section 10 of Article YII of the Louisiana Constitution.
 

 [7]
 

 . State v. Wells, 147 La. 822, 86 So. 268; State v. Wooderson, 213 La. 40, 34 So.2d 369; State v. D’Ingianni, 217 La. 945, 47 So.2d 731; State v. LaBorde, 234 La. 28, 99 So.2d 11.
 

 [8]
 

 . The cases relied upon by the defendant— State v. Barton, 207 La. 820, 22 So.2d 183, and State v. Carter, supra — are in-apposite from a factual as well as a legal standpoint.