FOURNET, Chief Justice.
 

 Defendant, Frank Kennedy, prosecutes this appeal from his conviction and sentence to serve nine years at hard labor in the Louisiana State Penitentiary on charges by bill of information with attempted simple burglary and of being a third felony offender, the latter being filed following his conviction of attempted simple burglary • but prior to sentencing. .
 

 Appellant relies for reversal of his conviction and sentence upon three bills of exception, none of which were reserved during the course of the trial. The first bill of exception was reserved when the trial judge overruled defendant’s motion for a new trial being requested on the ground “that the verdict is contrary to the law and the evidence in the case.” The second bill of exception was reserved when the trial judge denied his motion that a transcript of the evidence be made and included in the record except insofar as pertains to bills of exception taken.- The final bill of exception was. reserved when the trial judge denied defendant’s motion that the bill of information charging him as a third offender be withdrawn and set aside. These bills clearly lack merit.
 

 The motion -for a • new trial simply alleged that “the verdict is contrary to- the law and the evidence” which presents nothing for review by this court as its appellate jurisdiction is limited to questions of law alone.
 
 [1]
 
 Questions of fact or the sufficiency thereof relating to the guilt or innocence of a party accused in a criminal prosecution is within the exclusive province of the trial judge or jury;
 
 [2]
 
 and while under the jurisprudence of this court, when it is alleged that there is a total lack of evidence of the offense charged or an essential element thereof, thus presenting a question of law, i. e., the legality of the conviction, this court will review the evidence if properly made a part of the record.
 
 [3]
 
 As shown hereinabove, no bills were reserved during the course of the trial and there is no allegation that there was
 
 a
 
 total lack of evidence to support the conviction of the offense charged or an es
 
 *300
 
 sential element thereof; hence, there was no necessity for a transcript of the evidence to be included in the record.
 

 The case of State v. Gani, 157 La. 231, 102 So. 318, relied upon by the defendant in support of his motion to withdraw and set aside the bill of information charging him as a third offender is inapposite from a factual as well as a legal standpoint. In that case Gani was being prosecuted as a second offender, but as pointed out by this court the first offense of which he was convicted was pending on appeal, and, therefore, not final. In the instant case the record reflects the defendant was, charged as a third offender in strict accordance with L.R.S. 15:529.1(D) wherein-it is provided: “If at any time, either after-conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony * * *- the district attorney of the parish in which, subsequent conviction was had may file an-information accusing the person of a previous conviction * * (Emphasis-, added.)
 

 For the reasons assigned the conviction, and sentence are affirmed.
 

 [1]
 

 . “The Supreme Court has control of and general supervisory jurisdiction over all inferior courts. * * * In criminal matters, its appellate jurisdiction extends to questions of law only.” Art. 7, Sec. 10, La.Constitution.
 

 [2]
 

 . State v. Belas, 134 La. 859, 64 So. 799; State v. Campbell, 173 La. 831, 138 So. 853; State v. Verret, 174 La. 1059, 142 So. 688; State v. Bonner, 193 La. 387, 190 So. 621; State v. Haddad, 221 La. 337, 59 So.2d 411; State v. Champagne, 251 La. 849, 206 So.2d 518.
 

 [3]
 

 . State v. Dunnington, 157 La. 369, 102 So. 478; State v. Brent, 248 La. 1072, 184 So.2d 14; State v. Page, 251 La. 810, 206 So.2d 503; State v. Champagne, 251 La. 849, 206 So.2d 518.