325 So.2d 595 (1976)
STATE of Louisiana
v.
Johnny Paul REDFUD.
No. 56776.
Supreme Court of Louisiana.
January 19, 1976.
*596 James A. Wayne, Donaldsonville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
The defendant Redfud was convicted of distribution of heroin, La.R.S. 40:966, subd. A(1), and sentenced to life imprisonment. Although defendant submitted fourteen assignments of error to the trial court, on appeal he presented written and oral argument on but six of these assignments. The remainder of defendant's assignments were submitted without argument or citation of authorities and, therefore, will be considered to have been abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
ASSIGNMENTS OF ERROR NOS. 1 and 3
Assignment no. 1 deals with defendant's pre-trial motion to quash. Although this written motion contained four grounds, only two were argued when the motion was heard by the trial court. Both concern the alleged failure of the State to answer bills of particulars properly. Assignment no. 3 is discussed here because it it also concerns the alleged failure of the State to answer bills of particulars.
Defendant filed a motion for a bill of particulars propounding the following question:
"How many person[s] witness[ed] the defendant sell or deliver narcotics to the accuser?"
The trial court sustained the State's contention that it was not required to provide such information. Defendant then amended the question to read:
"How many persons, informers or agents witnessed the defendant sell or deliver narcotics to an agent or informer?"
Again, the State's refusal to answer was sustained.
The court may require the district attorney to furnish a bill of particulars setting out more specifically the nature and *597 cause of the charge against the defendant. C.Cr.P. art. 484. But defendant's requests go beyond the nature and cause of the charges and amount to a request for pretrial discovery, which is not available to the defendant under our criminal procedure. State v. Kado, 300 So.2d 461 (La.1974) and cases cited therein.
Defendant also asked another question, which was ultimately amended to read:
"What kind and quantity of narcotics were found on the defendant at the time of his arrest?"
The trial court correctly sustained the State's refusal to answer. Defendant was charged with having distributed heroin some two months prior to his arrest. Hence, substances in his possession at the time of the arrest were not relevant to the nature and cause of the charge against the defendant.
Defendant further complained that the State had never answered the Motion to Quash. There is no requirement by law that such an answer be filed.
These assignments have no merit.

ASSIGNMENT OF ERROR NO. 2
In this assignment defendant complains of the failure of the court to give the accused a preliminary examination. When the motion for a preliminary examination is made before the finding of the indictment, the court is mandated to grant it in felony cases. However, when it is made after the finding of an indictment, the matter is discretionary. La.Const. (1974) Art. 1, Sec. 14. After the defendant has been indicted by the grand jury, the court may rescind an order for a preliminary examination. La.Code Cr.P. art. 292 (amended by Acts 1974, Extra Session No. 16 Section 1, effective January 1, 1975).
The record contains no motion for a preliminary examination. If one was filed it must have been after the defendant was arrested on January 16, 1975. However, it is unclear whether it came before or after the indictment which was found on February 28, 1975. If defendant's motion for a preliminary examination came after the indictment, he had no right to such an examination. Art. 1, Sec. 14, La.Const. (1974); C.Cr.P. art. 292. If the motion occurred prior to the indictment, the existence of probable cause was conclusively determined when a valid indictment was returned by a properly constituted grand jury. See Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Moreover, without a showing that the failure to afford defendant a preliminary examination resulted in specific prejudice leading to an unfair trial, the issue became moot after a verdict of conviction was rendered. State v. Pesson, 256 La. 201, 235 So.2d 568 (1970). Therefore, this assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 4
Defendant complains in this assignment of error of the trial court's refusal to exclude for cause one of the jurors who was empanelled to hear his case. The basis for the challenge was that the juror's father had already been selected to serve on the jury and that the relationship between the two jurors could possibly cause prejudice to the defendant.
La.C.Cr.P. art. 797 furnishes an exclusive list of grounds upon which the defendant may base a challenge for cause of a prospective juror. Filial relationship between two jurors does not constitute one of the grounds. Nor do we find that having a father and son on the same jury so endangers an accused's right to a fair trial as to deny him the fundamental fairness required by due process.
This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 5
Mrs. Eva Hanson, a civil service employee working for the Louisiana State *598 Police, was called for jury duty, questioned on voir dire and accepted by both the State and the defendant. For the first time, in this assignment of error, defendant complains that "[t]he failure of the State to disqualify" Mrs. Hanson constituted reversible error.
There is no requirement that either the State or the defendant challenge any juror. See La.C.Cr.P. arts. 795-800. A juror cannot be challenged for cause by the State or the defendant after having been accepted by the challenging party, unless the ground for the challenge was not known by the challenging party prior to acceptance. C.Cr.P. art. 795. Since defendant accepted the juror, with knowledge of the possible ground for challenge, he cannot complain that the juror was not impartial or subject to being influenced through a relationship by employment.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 6
In this assignment defendant contends the trial court erred in denying his motion for a mistrial based on a prospective juror's comment that he was not certain but he thought he had seen defendant at a penal institution at some time during his ten years of service as a correctional officer. He was peremptorily challenged by the State after this comment was made. The trial court refused to grant a mistrial but did admonish the jury that it was to ignore the comment by the prospective juror.
Had the comment been made by the judge, district attorney, or a court official it may have constituted mandatory grounds for a mistrial. C.Cr.P. art. 770(2). However, when such a remark or comment is made by a witness or person other than the judge, district attorney, or a court official, the court may grant a mistrial only if it is satisfied that an admonition is not sufficient to assure the defendant of a fair trial. C.Cr.P. art. 771(2).
A mistrial is a drastic remedy and, except in instances in which the mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. State v. Whitley, 296 So.2d 820 (La.1974). We find no abuse of discretion in the trial court's action in this matter, and conclude that the drastic remedy of mistrial was not warranted in light of the admonition given by the court that the jury disregard the comment by the prospective juror.
Thus, this assignment is without merit.
For the reasons assigned, defendant's conviction and sentence are affirmed.