CALOGERO, Justice.
In 1963 the defendant, Milo Hayes, along with three other inmates of the Louisiana State Penitentiary were charged with the crime of aggravated crime against nature allegedly perpetrated against another inmate. After a trial by jury the defendants were all convicted of simple crime against nature. No appeal was perfected from this conviction. In June of 197S the defendant Hayes, following a ha-beas corpus hearing in the district court, was granted an out-of-time appeal. Only one bill of exception was reserved and perfected for consideration in connection with this appeal.
Defendant Hayes contends that the trial court erred in overruling his motion for a new trial on the basis of total lack of evidence presented at the trial.
In State v. Kennedy, 255 La. 295, 230 So.2d 818 (1970), this Court held that when it was alleged that there was a total lack of evidence of the offense charged this Court would review the legality of the conviction if the evidence was properly made part of the record. Counsel in the case before us has not specified which element or elements of the offense remain unproved. We therefore construe the allegation as directed toward each of the required elements of the crime. Our review of the record indicates that there was some evidence to prove each element of the crime.
This assignment of error lacks merit.
Furthermore, we have examined the record for errors discoverable by a reading of the pleadings and proceedings and find none. C.Cr.P. Art. 920.
Accordingly, the conviction and sentence of Milo Hayes is affirmed.
SUMMERS, J., concurs in the result and assigns reasons.