352 So.2d 1289 (1977)
STATE of Louisiana
v.
Lionel RUSSELL.
No. 60051.
Supreme Court of Louisiana.
December 19, 1977.
*1290 Fredrick R. Tulley, Taylor, Porter, Brooks & Phillips, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., John W. Sinquefield, Marilyn C. Castle, Asst. Dist. Attys., for plaintiff-appellee.
MARCUS, Justice.
Lionel Russell was charged by bill of information with simple burglary in violation of La.R.S. 14:62. After a trial by a judge, defendant was found guilty as charged and sentenced to serve three years at hard labor. The court suspended the execution of the sentence and placed defendant on three years supervised probation with the specific conditions that he enroll in the Community Corrections and Rehabilitation Center and pay the victim the sum of thirty-five dollars ($35.00) within one year. On appeal, defendant relies on four assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial court erred in failing to find the evidence insufficient as a matter of law to prove beyond a reasonable doubt that defendant committed simple burglary. Defendant urges in brief that no evidence was presented to prove that defendant intended to commit theft (or a felony) within the burglarized structure, an essential element of the crime charged.
No motion for a judgment of acquittal or motion for a new trial appears of record to properly present the issue which defendant urges. In criminal matters, the scope of this court's appellate jurisdiction extends only to questions of law. La.Const. art. 5, § 5(C). Only where defendant has moved for a judgment of acquittal in a trial by the judge alone (La.Code Crim.P. art. 778) or for a new trial (La.Code Crim.P. art. 851) based upon the contention that there is no evidence of an essential element of the crime charged is a question of law presented which this court can review. State v. Blackstone, 347 So.2d 193 (La.1977); State v. Alexander, 339 So.2d 818 (La.1976). Hence, this issue is not properly before this court.
In any event, the record reveals some evidence of intent to commit a theft within the burglarized structure. Edward L. Daigre, victim of the alleged burglary, testified that he saw defendant reaching into the cab of his previously locked truck which was located in his driveway. Mr. Daigre stated that he went to get his gun and returned to see defendant walking away from his truck holding his chain hoist. He called to defendant to stop, and defendant *1291 turned on him with a gun. Mr. Daigre fired two shots; the second shot wounded defendant. Defendant dropped the hoist and escaped on foot leaving a trail of blood. There was evidence that a small glass vent on the truck had been broken.
After reviewing the record, we are satisfied that the state presented some evidence of intent to commit a theft within the burglarized structure, a proper standard of appellate review in criminal cases. La.R.S. 15:445; State v. Walker, 328 So.2d 87 (La. 1976); State v. Moore, 302 So.2d 284 (La. 1974); State v. Kado, 300 So.2d 461 (La. 1974).
Assignment of Error No. 1 is without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 3
Defendant contends the trial court erred in denying his motion for a mistrial and his motion for a continuance on the ground that the state's evidence varied from the information furnished by the state in the bill of particulars.
The motion for a bill of particulars requested, inter alia:
Identify each of the persons, if any, by name and current address, if known, who are claimed to have participated in the offense charged or who are claimed to have been accessories or co-conspirators in the offense charged.
In response to this request, the state named only defendant, Lionel Russell.
During trial, the state asked Mr. Daigre to tell what happened on the night of the alleged burglary. He testified that he saw a green Ford, driven by an unknown person, parked across his driveway with the motor running while defendant was looking in the truck. He further testified that, although defendant attempted to grab and hold on to the side of the car as it left the scene, he was unsuccessful in his efforts and escaped on foot leaving a trail of blood from his wound. Defendant moved for a mistrial and made a motion for a continuance. Both motions were denied.
The proper procedure to amend a bill of particulars is set forth in La.Code Crim.P. art. 488, which provides that, when there is a variance between the allegations of a bill of particulars and the evidence offered in support thereof, the court may order the bill of particulars amended in respect to the variance, and then admit the evidence. Thereafter, if it is shown, on motion of the defendant, that he has been prejudiced in his defense on the merits by the variance with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. La.Code Crim.P. art. 489. No amendment of the bill of particulars was ordered in the instant case. However, failure to do so does not constitute reversible error in the absence of prejudice to defendant. State v. Champagne, 251 La. 849, 206 So.2d 518 (1968).
Defendant's motion for a mistrial is governed by La.Code Crim.P. art. 775, which states in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
Mistrial is a drastic remedy and, except in instances in which the mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. State v. Overton, 337 So.2d 1058 (La.1976); State v. Redfud, 325 So.2d 595 (La.1976). This court will not set aside a conviction in a criminal case on the ground of improper admission of evidence unless, in the opinion of the court, after an examination of the entire record, it appears that the error complained of has prejudiced defendant. La.Code Crim.P. art. 921; State v. Champagne, supra.
In the instant case, defendant contends that, had he known that evidence of an accomplice would be presented, he would have subpoenaed as witnesses those persons defendant was with prior to the time of the *1292 alleged burglary and who were stopped by defendant and drove him to the hospital thereafter. Defendant asserts that he could have shown that he did not go to the hospital in a green Ford.
First, we consider that the state's answer was a reasonable response to defendant's request. It identified the only person (defendant) whose name was known to it as having participated in the offense charged. Defendant does not even contend that the name of the driver of the green Ford was known to the state. Clearly, there was no attempt on the part of the state to mislead defendant. Secondly, we do not feel that defendant was prejudiced by the reference at trial to a possible accomplice. Even had defendant subpoenaed the persons he was with prior to the time of the alleged burglary, their testimony would not have contradicted Mr. Daigre's testimony concerning the burglary itself. Moreover, testimony of those persons who drove defendant to the hospital that he was not taken in a green Ford would not have been in conflict with the testimony of Mr. Daigre. He testified that the green Ford drove away without defendant, who left the scene of the burglary on foot.
Having reviewed the record and found no prejudiced to defendant by the mention of a possible accomplice, we do not find that the trial judge erred in denying defendant's motion for a mistrial.
Defendant's contention that the trial judge erred in not granting his motion for a continuance is equally without merit. Defendant is entitled to a "continuance for a reasonable time" only if the court determines that defendant has been "prejudiced in his defense upon the merits" based on all the circumstances of the case and the entire course of the prosecution. La.Code Crim.P. art. 489; State v. Hubbard, 279 So.2d 177 (La.1973). Having found no prejudice in his defense on the merits, we do not find that the trial judge erred in denying defendant's motion for a continuance.
Assignments of Error Nos. 2 and 3 are without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial court erred in admitting in evidence photographs of defendant's residence and truck on the ground that they were irrelevant.
During its case-in-chief, the state offered in evidence two photographs depicting defendant's residence and his truck. The hood of the truck was up and the motor was outside the truck on the ground. Defendant objected on the ground of irrelevancy. The state argued the pictures were relevant to show motive for the theft of the chain hoist. The trial judge sustained defendant's objection. Defendant testified on his own behalf. On direct examination, he stated that he was a mechanic and had access to his father's chain hoist, although he did not own one himself. On cross-examination, defendant was shown the photographs at issue and questioned about his truck and need for a chain hoist to remove and replace motors. Defendant objected to the subject of the inquiry, but the trial court overruled the objection, finding that defendant had "opened the door" on direct examination. On rebuttal, the state successfully offered the photographs in evidence over defendant's objection.
La.R.S. 15:441 provides:
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible.
This court has consistently held that the trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. George, 346 So.2d 694 (La.1977); State v. Owens, 301 So.2d 591 (La.1974); State v. Ackal, 290 So.2d 882 (La.1974).
In the instant case, defendant himself initiated the subject of his occupation as a mechanic and his need for a chain hoist. *1293 The photographs of his truck with the motor removed related to this same line of inquiry. The photographs were necessary to explain a relevant fact, i. e., that defendant had need of a chain hoist, and supported an inference raised by such fact, i. e., that he had a motive to steal a chain hoist. Hence, the trial court did not err in admitting the photographs in evidence.
Assignment of Error No. 4 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Defendant has neither briefed nor argued Assignments of Error Nos. 5, 6 and 7. Therefore, we consider these assignments of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La.1975).