359 So.2d 137 (1978)
STATE of Louisiana
v.
Frankie SEPULVADO.
No. 61216.
Supreme Court of Louisiana.
May 22, 1978.
*138 Mark H. Kramer, as Public Defender for Sabine Parish, Leesville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Frankie Sepulvado was indicted for the crime of carnal knowledge of a juvenile in *139 violation of La.R.S. 14:80.[1] After trial by jury, he was found guilty as charged and was sentenced to serve three and a half years at hard labor. On appeal, defendant relies on nine assignments of error for reversal of his conviction and sentence.[2]

FACTS
Four years prior to the commission of the present offense, defendant and the victim became acquainted while attending a local high school. During the early morning hours of April 2, 1977, defendant, who was then eighteen years one month old, met with the unmarried fifteen-year nine-month old victim who had slipped away from her home, and had sexual intercourse with her with her consent in Sabine Parish. On the evening of that same day (April 2), the victim again left home and met defendant at which time they travelled to Texas where they lived together for two weeks. Intending to get married, they returned to their respective homes in Sabine Parish. Subsequently, defendant was charged with the instant crime of carnal knowledge of a juvenile committed in Sabine Parish on or about April 2, 1977.

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion for a mistrial urged prior to the prosecutor's opening statement. The motion was grounded on the claim that the trial judge improperly granted a continuance after trial had commenced.
Defendant's contention is without merit. A continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced. La.Code Crim.P. art. 708. A jury trial commences when the first prospective juror is called for examination. La.Code Crim.P. art.761. In the instant case, the record reveals that, after the jury had been selected and sworn and, therefore, after trial had commenced, the trial judge ordered a recess for a period of two days so that a defense witness, who had been personally served with a subpoena but had failed to appear at trial, could be attached and brought to court. Defense counsel consented to the granting of the recess. In view of the fact that defendant consented to the recess which had been ordered for his benefit to assure the attendance at trial of a defense witness, defendant has no cause to complain. Moreover, there is no showing of any prejudice resulting from the recess. Hence, the trial judge did not err in denying defendant's motion for a mistrial.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in permitting the state to question the victim as to acts of sexual intercourse with defendant other than that with which defendant was charged. He argues that this constituted evidence of other crimes which was not admissible.
Defendant was charged with committing the crime of carnal knowledge of a juvenile in Sabine Parish on or about April 2, 1977. On direct examination, the victim testified that on Saturday night (April 2), she had left home and met defendant at which time they travelled to Texas where they remained two weeks. They then returned to Sabine Parish because they wished to marry. The victim was asked if she had engaged in sex with defendant on the night she left with him for Texas. Without objection, she responded that she had had sex with defendant that night in Texas. The victim also testified that she had engaged *140 in sex with defendant in Sabine Parish during the early morning hours of April 2, 1977. Thereupon, the district attorney asked: "But you had sex relations with him subsequent to that also, did you not?" The victim replied in the affirmative. Defense counsel objected for the first time. The objection was overruled.
La.Code Crim.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless it was objected to "at the time of occurrence." In the instant case, defendant's objection to the victim's testimony regarding acts of sex with defendant other than that with which he was charged came too late. The victim had previously testified, without objection, that she engaged in sex with defendant in Texas on the night after she had sex with him in Sabine Parish. Hence, defendant may not avail himself of the alleged error on appeal. La.Code Crim.P. art. 841; State v. Hillman, 298 So.2d 746 (La.1974); State v. Kelly, 262 La. 143, 262 So.2d 501 (1972). Moreover, after defendant's untimely objection, the only further reference to sexual relations with defendant other than the crime charged was the testimony of the victim on redirect that during their two-week stay in Texas she and defendant had lived together and any sexual relations in which she engaged while in Texas would have been with defendant.
Assignment of Error No. 2 has no merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in permitting Dr. C. E. Poimbeouf to express an opinion as to whether the victim had engaged in sexual intercourse. He argues that the expert witness possessed insufficient qualifications to express an opinion in this specialized field.
La.R.S. 15:466 sets forth the guidelines for the qualification of expert witnesses:
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can give evidence as an expert his competency so to testify must have been established to the satisfaction of the court.
We have consistently held that the competency of an expert witness is a question of fact to be determined within the sound discretion of the trial judge. His rulings on the qualifications of expert witnesses will not be disturbed in the absence of manifest error. State v. Lewis, 353 So.2d 703 (La. 1977); State v. Gray, 351 So.2d 448 (La. 1977); State v. Madison, 345 So.2d 485 (La. 1977); State v. Marks, 337 So.2d 1177 (La. 1976); State v. Vassel, 285 So.2d 221 (La. 1973). The record reflects that Dr. Poimbeouf, an experienced physician engaged in general medicine and practice, was the parish deputy coroner for several years prior to his examination of the victim. He had previously served as the parish coroner for six years and possessed medical training and experience in the fields of obstetrics and gynecology. Based on the foregoing facts, we do not consider that the trial judge abused his discretion in permitting the witness to express an opinion as to whether the victim had engaged in sexual intercourse.
Assignment of Error No. 3 lacks substance.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the trial judge erred in permitting Mrs. Dewitt Sepulvado, the mother of the victim, to testify at trial. He argues that her testimony was irrelevant.
On direct examination, Mrs. Sepulvado testified that her daughter was born on July 2, 1961, and that most of the information contained in her daughter's birth certificate, which had previously been introduced at trial, had been supplied by her. She further testified that, upon her daughter's return to Sabine Parish, she telephoned her daughter while the latter was at the home of defendant's mother. The witness related that she and her husband later met their daughter at city hall and took her to the parish deputy coroner for a physical examination.
This court has consistently held that the trial judge is vested with wide discretion in *141 determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. King, Nos. 60,732 and 60,733, 355 So.2d 1305 (La., 1978); State v. Russell, 352 So.2d 1289 (La.1977); State v. George, 346 So.2d 694 (La.1977); State v. Owens, 301 So.2d 591 (La.1974); State v. Ackal, 290 So.2d 882 (La.1974). In the instant case, the testimony of Mrs. Sepulvado was presented by the state to establish the birth date of her daughter in order to prove that she was twelve years of age or over but under the age of seventeen years, an essential element of the crime of carnal knowledge of a juvenile under La.R.S. 14:80. The testimony of the witness further demonstrated that her daughter (the victim of the crime) was taken to the coroner for an examination immediately upon her return to Sabine Parish. As such, the testimony of the witness was relevant and admissible. Hence, the trial judge did not abuse his discretion in permitting the witness to testify at trial.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in denying his motion for a mistrial grounded on the claim that defendant's marriage certificate was improperly introduced at trial to establish his date of birth. He argues that admission of the marriage certificate in evidence prejudiced his defense in that it placed before the jury the fact that he had married someone other than the victim subsequent to the commission of the instant offense.
To establish that defendant was over the age of seventeen, an essential element of the crime charged, the state called Mrs. Marie Sepulvado Craig, defendant's mother, who testified that defendant was born on March 10, 1959. After identifying a marriage certificate bearing her son's name and reflecting his birth date, the state offered the document in evidence. Defendant objected and also moved for a mistrial. The trial judge denied the motion but ordered that all matters written on the certificate except defendant's name, signature and birth date be deleted from the document prior to its introduction in evidence. Thereafter, Mrs. Craig testified that, although no certificate of defendant's birth had been recorded with the state, she did have defendant's baptismal certificate which recited his date of birth. This certificate was received in evidence without objection. At this time, outside the presence of the jury, the prosecutor offered to withdraw the marriage certificate from evidence, stating that the only reason he had offered it in the first place was that he was under the impression that there was no birth certificate of any kind and thus the marriage certificate was the only written evidence of defendant's birth date. The trial judge rejected his offer to withdraw the document on the ground that the marriage certificate formed the basis of a defense objection; therefore, it should remain in evidence. The prosecutor then requested that the document not be displayed to the jury.
Defendant's motion for a mistrial is governed by La.Code Crim.P. art. 775 which states in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.
Mistrial is a drastic remedy and, except in instances in which the mistrial is mandatory, is warranted only when a trial error results in substantial prejudice to the defendant, depriving him of a reasonable expectation of a fair trial. State v. Russell, 352 So.2d 1289 (La.1977); State v. Overton, 337 So.2d 1058 (La.1976); State v. Redfud, 325 So.2d 595 (La.1976).
In the present case, the marriage certificate was relevant in establishing defendant's date of birth in order to prove that he was over the age of seventeen years, an essential element of the crime charged. As such, it was admissible in evidence. To minimize any prejudice which defendant *142 might suffer as a result of the introduction of the document in evidence, all written material contained on the certificate aside from defendant's name, date of birth and signature was carefully deleted from the document prior to its admission in evidence and, at the state's request, the certificate was not displayed to the jury. Moreover, evidence had been adduced earlier at trial, without defense objection, that defendant had married someone other than the victim subsequent to the commission of the instant offense. In view of the foregoing facts, we do not consider that defendant suffered such prejudice from the introduction of the marriage certificate in evidence to warrant the granting of a mistrial.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in permitting Mr. Dewitt Sepulvado to testify that Hosea Hill, the place where the crime was allegedly committed, is situated in Sabine Parish. He argues that this testimony was irrelevant.
The victim testified that she had engaged in sex with defendant in the latter's vehicle while it was parked on a hill located in Sabine Parish on Blue Lake Road near a body of water. Subsequently, Mr. Sepulvado, the father of the victim, testified that a well-known parking area frequented by local teenagers was Hosea Hill situated in Sabine Parish. Defendant's objection to this testimony on the ground of relevancy was overruled by the trial judge. The witness further testified that the hill was at a distance of approximately three miles from their home and was located in the direction of the Blue Lake area.
This court has consistently held that the trial judge is vested with wide discretion in determining the relevancy of evidence, and his ruling will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. State v. King, Nos. 60,732 and 60,733, 355 So.2d 1305 (La.1978); State v. Russell, 352 So.2d 1289 (La.1977); State v. George, 346 So.2d 694 (La.1977); State v. Owens, 301 So.2d 591 (La.1974); State v. Ackal, 290 So.2d 882 (La.1974). In the instant case, the testimony of Mr. Sepulvado corroborated the testimony of the victim that the crime occurred in Sabine Parish by establishing that the hill described in the victim's testimony as the scene of the crime was Hosea Hill which is situated in Sabine Parish. As such, the witness' testimony was relevant and admissible to prove that Sabine Parish was the parish of proper venue of the criminal prosecution. La.R.S. 15-441. Hence, the trial judge did not abuse his discretion in permitting the witness to testify to this fact.
Assignment of Error No. 6 has no merit.

ASSIGNMENT OF ERROR NO. 9
Defendant contends the trial judge erred in refusing to give a requested special charge to the jury pertaining to the method by which the evidence presented at trial should be evaluated. Defendant's requested special charge was confusing and not wholly correct. In any event, the proper method of evaluating evidence adduced at trial was correctly included in the trial judge's general charge to the jury. Hence, the trial judge correctly refused to give the requested special charge. La.Code Crim.P. art. 807.
Assignment of Error No. 9 is without merit.
By Act 635, § 1, effective September 9, 1977, article 894.1 was added to the Louisiana Code of Criminal Procedure to provide that, where a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if one or more conditions are met. The new statute also enumerates various grounds which, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation. It is further provided that the "court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence." While attempting to comply with this statute, the trial judge sentenced defendant *143 to serve three and one half years at hard labor. However, considerations taken into account and the factual basis therefor in imposing sentence stated by the trial judge for the record do not reflect that he followed the sentencing guidelines that should be considered before imposing sentences of incarceration, suspending sentences or placing a person on probation. Under the facts and circumstances of this case, the trial judge might well have suspended defendant's sentence in whole or in part or placed him on probation had he accorded weight to the enumerated grounds set forth in the statute. Accordingly, it will be necessary for us to vacate defendant's sentence and to remand the case to the trial court with instructions to the trial judge to consider the sentencing guidelines in the statute before imposing sentence.

DECREE
For the reasons assigned, the conviction is affirmed but the sentence imposed is vacated and set aside, and the case is remanded to the Eleventh Judicial District Court, Parish of Sabine, with instructions to the trial judge to sentence defendant in accordance with law.
NOTES
[1] The crime charged herein is alleged to have occurred on or about April 2, 1977. La.R.S. 14:80 was amended by La. Acts 1977, No. 539, § 1, eff. Sept. 9, 1977. Hence, the new statute is not applicable to the instant prosecution.
[2] In brief to this court, defendant has expressly abandoned Assignments of Error Nos. 7 and 8. Therefore, they are no longer before this court for review.