CALOGERO, Justice.
Frank Baker was tried before a jury in Criminal District Court for the Parish of Orleans and convicted for the March 8,1975 armed robbery of one Roosevelt James. He was sentenced to thirty years at hard labor. He appeals that conviction and sentence and relies on two assignments of error.
In his first assignment, he complains of the trial court’s denial of his motion for directed verdict presented at the conclusion of the state’s case.
At the time of the trial, May 1975, Article 778 of the Code of Criminal Procedure permitted the trial court to direct a verdict in jury cases if the evidence was insufficient to sustain a conviction.[1] Sufficiency of evidence to sustain a conviction under Article 778, in terms of appellate review of the trial court's denial of the motion, has been construed by this Court to mean any evidence or some evidence to prove the crime or an essential element thereof. State v. Douglas, 278 So.2d 485 (La.1973). We are therefore limited in our review of the record in this case to determine whether the state failed to present any evidence at all to prove the crime or an essential element thereof.
Armed robbery is a theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La. R.S. 14:64. The evidence upon which the state relied in the presentation of its case in chief was as follows: at about seven a. m. on March 8, 1975, the robbery victim Roosevelt James went to a gas station to fill his car with gas. Because the gas station attendant was unable to cash the bill with which James wished to pay for the gas, he went to a nearby barroom on St. Bernard Avenue, had two beers, obtained his change, and proceeded to his automobile which was nearby. As James approached his car, a man whom James had moments earlier seen standing on the street corner came up behind him, put a knife to his throat, and robbed him of seventy dollars. The victim viewed his assailant both at the time he saw him on the street corner and as the man retreated after seizing his money. James went to the home of his daughter nearby, persuaded his son-in-law to join him, and returned to the scene of the crime. There James observed the same man who had earlier robbed him walking into the barroom. He called the police and when they arrived he gave a description of the perpetrator, who was then inside the barroom. The officers entered, found the man and required him to accompany them outside where the victim identified him. A search of the man, defendant Frank Baker, revealed a curved knife which James identified as being the knife held on him during the course of the robbery.
It is apparent therefore that there was before the trial judge and the jury some *567 evidence of each element of the crime charged.
Appellant’s argument in brief, that the victim was at the time intoxicated, a fact which precluded his ability to give an accurate identification at the scene or, as so tainted, thereafter at trial, as well as his supportive argument that the victim first claimed the incident had occurred at four a. m. and had testified at trial that the time was seven a. m., were properly matters for presentation to the jury whose province it was to determine guilt or innocence. Defendant’s argument falls significantly short of establishing for our present review purposes that there was no evidence whatever presented to prove the crime charged or an essential element thereof.
There is consequently no merit to the argument that this Court should upset defendant Baker’s conviction on the ground that the trial judge erred in denying his motion for a directed verdict.
In his second assignment of error defendant claims that the trial judge erred in permitting the state to amend its answer to bill of particulars by asserting that the incident occurred at seven o’clock in the morning rather than at four in the morning.
During the trial the victim asserted that the incident occurred at seven a. m. on March 8, 1975 and that his earlier assertion that it had occurred at four a. m. was erroneous, prompted by his nervousness at the time.
Thereafter, the defense presented its case which consisted exclusively of the testimony of defendant’s friend Mrs. Martin, who established an alibi for defendant at four a. m.
When the defense rested, the state moved to “amend the time to read seven a. m.” Whereupon defendant’s counsel objected to the amendment without stated reasons.
Article 488 of the Code of Criminal Procedure provides that when there is a variance between the allegations of a bill of particulars and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance and then admit the evidence.
Defendant contends that the court’s ruling prejudiced him and was not made in conformity with Article 488 because the amendment followed admission of the evidence and came after the defense had rested its case. Defendant further contends that the fact that the amendment was allowed after defendant had rested his case denied him his federal and state constitutional rights to present a defense and to compel the attendance of witnesses in his own behalf as well as his right to be notified of the nature of the charge against him.
The state urges that this Court should not review the error because defendant failed to state the grounds for his objection, citing Article 841 of the Code of Criminal Procedure. We believe that this contention is without merit. Defendant timely objected, and his reason for doing so, tardiness of the state’s amendment, was apparent to the trial judge. The grounds of the objection were thus made known (Article 841) to the court.
Alternatively, the state argues that defendant’s objection was without merit because he made no showing that the lateness of the amendment prejudiced his case. Procedural opportunity to make such showing is made available by Article 489 of the Code of Criminal Procedure. That article provides that the trial court must grant defendant’s request for a continuance upon his showing that he has been prejudiced in his defense on the merits by an amendment to the indictment or answer to bill of particulars. Although the Code makes this procedure available to defendants in situations similar to this defendant’s, the Code does not require that a defendant request a continuance or recess and attempt to make a proper showing.
The fact that defendant here chose not to avail himself of the remedy made available by Article 489 does not, standing alone, mean that the trial judge correctly overruled defendant’s objection to *568 the tardy amendment. Nevertheless we find no merit to defendant’s assignment of error. When defendant’s attorney chose not to object to the state’s admission into evidence of the seven a. m. testimony, and when he did not request a continuance or recess pursuant to Article 489, he made the decision to use this discrepancy in his argument to the jury. The variance in the time was brought out by counsel in an attempt to discredit the chief prosecution witness’ credibility, and formed the basis of defense strategy throughout the trial. It ill behooves defendant to make the tactical decision which he did, fail in his effort at acquittal, and now complain that reversible error occurred. Nor do we find merit in his contention that the trial judge improperly admitted the evidence before the amendment was made, although the better practice, had there been an objection, would have been to amend the answer before such admission. State v. Champagne, 251 La. 849, 206 So.2d 518 (1968). We do not find in this instance any abridgment of the rights of this defendant.
Finding no merit in either of defendant Baker’s assignments of error, we affirm his conviction and sentence.

. An amendment to that article did not become effective until September 12, 1975 and therefore did not affect this trial. See C.Cr.P. art. 778 amended by Acts 1975, No. 527, § 1.