FRED W. JONES, Jr., Judge.
The defendant Pennington was charged with driving while intoxicated, third offense, in violation of La.R.S. 14:98. He was convicted at a bench trial and sentenced to one year in jail (six months suspended) and fined $1,000. Defendant appealed his conviction, reserving four assignments of error.
At approximately 11:16 p.m. on April 4, 1984, Officer Black of the Monroe Police Department observed the defendant’s vehicle cross the center lane and abruptly swerve back into its own lane. Officer Black followed and saw the subject car swerve within its own lane. The officer made a traffic stop. The defendant lost his balance when alighting from his car and staggered. According to the officer, the defendant’s speech was slurred and he smelled of alcohol. He was advised of his rights and failed a field sobriety test. Defendant was then arrested for driving with a revoked driver’s license and failure to maintain control of his vehicle. He was transported to the police station where Officer Black read him a form entitled “Rights Relating to Chemical Test for Intoxication.” The defendant acknowledged understanding and signed the form. He refused to submit to the test. The defendant was subsequently charged and convicted of driving while intoxicated, third offense.
ASSIGNMENT OF ERROR NO. 1
Defendant’s first assignment of error is that the trial judge erred in granting the state’s request for a delay for the purpose of locating its witnesses. The trial was scheduled as a jury trial and the state’s witnesses, all police officers, were “on call”, i.e., they could be reached by telephone when they were needed to testify. Upon learning that the witnesses were not physically present in the courtroom, the defendant waived his right to a jury trial and was granted a bench trial. The state requested a delay in order to assemble its witnesses and defendant objected. The court granted the delay and the trial convened at approximately 1:80 that afternoon.
Defendant argues that the trial had not yet begun because no witnesses were sworn. Hence, the delay was technically a “motion for a continuance” and should not have been granted because the motion was not in writing and none of the grounds were proven. In the alternative, defendant argues that if the delay was a “recess” it was still improper because it was highly prejudicial to defendant, i.e., had the recess not been granted and trial taken place immediately, a conviction was unlikely because there were no state witnesses. Counsel for defendant freely admits in brief that “the defense waived a jury trial because it thought that the lack of the State’s witness would lead to an acquittal.”
La.CCrP Article 707 requires motions for continuance be in writing. However, when the need arises unexpectedly, the court may consider an oral motion. See State v. Clark, 437 So.2d 879 (La.App. 2d Cir.1983). An oral motion was appropriate in this case because the grounds for the motion did not arise until the defendant unexpectedly waived his right to a jury trial. Additionally, the decision to grant a continuance is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Washington, 407 So.2d 1138 (La.1981). Likewise, the decision to grant a recess is within the discretion of the trial court and will not be disturbed absent an abuse of discretion. State v. Jones, 412 So.2d 1051 (La. 1982); State v. Bertrand, 381 So.2d 489 (La.1980).
The state was expecting a jury trial because of defendant’s request. The state cannot be required to have all the witnesses on hand, especially police officers, in anticipation of a defendant’s waiver of his right to a jury trial. Regardless of whether the delay is a “recess” or a “continuance”, the defendant cannot claim prejudice from a situation of his own creation. The *141 purpose of a delay such as occurred here is to allow both sides to avoid the expense and inconvenience of having all witnesses waiting indefinitely in the courthouse. We find that the trial judge did not abuse his discretion in granting the delay. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant argues the lower court erred in admitting evidence of defendant’s refusal to take the Photo-Electric Intoxime-ter (PEI) test. Defendant asserts that had he taken the test the results would have been inadmissible, so his refusal should likewise be inadmissible. He cites as authority State v. Singer, 457 So.2d 690 (La. App. 4th Cir.1984), writ denied 458 So.2d 465 (La.1984), and State v. Tanner, 457 So.2d 1172 (La.1984).
In Tanner, supra, our Supreme Court held that the results of a PEI test were inadmissible because the state failed to prove the maintenance regulations on the PEI were sufficient to ensure accuracy. The court also held that a motion to suppress was procedurally available to challenge the admissibility of PEI results. In Singer, supra, the Fourth Circuit held PEI results inadmissible because Singer had not been informed of all the consequences of submitting to the test. He was warned only that he might lose his driver’s license.
The rights form read to defendant by Officer Black includes in plain language that refusal to take the test or test results of over .10% blood alcohol level “will be used against you in court.”
La.R.S. 32:666(A) requires only that a person who refuses to submit to a PEI test be advised of the consequences of such refusal in order for evidence of the refusal to be admissible in a subsequent criminal action against him. There is no requirement that he also be advised of the consequences of submitting to the test when the results indicate a blood alcohol level of .10% or more in order for a refusal to be admitted into evidence. Defendant was advised of the consequences of a refusal to submit to the test, hence such refusal is admissible as evidence against him. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant argues that the trial judge erred in admitting into evidence the identification of the defendant in a prior conviction for driving while intoxicated by allowing minutes of the court proceedings without proof that this was the same defendant reflected in those court minutes. The state called the police officer who issued a citation to the defendant for driving while intoxicated on January 25,1981. The officer identified the citation itself as well as the defendant. The state also introduced a copy of the affidavit (referring to Docket No. 58,081) for the City Court of West Monroe, which charged the defendant with driving while intoxicated on January 25, 1981. Finally, the state introduced certified copies of the court minutes of the City Court of West Monroe which reflected a waiver of rights and a plea of guilty entered by “Leslie Pennington” in City of West Monroe v. Leslie Pennington, Docket No. 58,081.
This documentary evidence and testimony proved conclusively this was the same defendant who was earlier arrested and convicted of driving while intoxicated.
In addition, defendant on the stand admitted to pleading guilty to a driving while intoxicated charge in 1981. This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
Defendant argues the trial court erred in finding him guilty of driving while intoxicated. Defendant contends that the police witness (Officer Black) testified he used the same testimony at all trials and hence his testimony should be given no weight here. In reality, the officer testified that there were only so many ways one could say “he was weaving” or “he smelled of alcohol” and that often his testimony was the same, but this did not negate the credibility of his testimony.
*142 The standard required to meet due process is that the evidence, when viewed in a light most favorable to the prosecution, must be sufficient for a reasonable trier of fact to conclude that the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Louisiana’s standard is La.CCrP Article 821 and it tracks the Jackson, supra, language.
The state presented the testimony of Officer Black regarding defendant’s driving, his staggering when alighting from the car, the odor of alcohol, and defendant’s failure on the field sobriety test. Further, there was evidence of two prior convictions for driving while intoxicated — via the documentary and testimonial evidence, as well as testimony of the defendant himself. See State v. Walker, 451 So.2d 679 (La.App. 2d Cir.1984).
In sum, the facts of the case provide sufficient evidence for a reasonable trier„of fact to believe defendant was guilty of driving while intoxicated, third offense. This assignment of error is without merit.

Decree

For the reasons assigned above, defendant’s conviction and sentence are affirmed.