509 So.2d 763 (1987)
STATE of Louisiana, Appellee,
v.
Lonnie D. AYRES, Appellant.
No. 18600-KA.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1987.
*765 Herman A. Castete, Winnfield, for appellant.
Charles B. Bice, Dist. Atty., Winnfield, for appellee.
Before HALL, SEXTON and NORRIS, JJ.
NORRIS, Judge.
This appeal arises as a result of defendant's conviction of fourth-offense DWI. Ayres was arrested for DWI in the instant offense on December 14, 1985. He was charged by Bill of Information with fourth offense DWI. The predicate convictions were alleged to be three DWI convictions: one in Winn Parish in January 1981, one in Winn Parish in October 1981, and one in June 1982 in Red River Parish. Ayres was found guilty as charged after a jury trial, and sentenced to eleven years at hard labor. He now appeals with multiple assignments of error.
Defendant's first assignment of error is that at the beginning of the trial the trial judge should not have allowed the Bill of Information to be amended to correct the dates of commission and sentencing of one of the predicate offenses. The bill of information originally read that Ayres had been convicted of DWI in Red River Parish on June 22 and sentenced for that offense on June 23, 1982. The dates were changed to June 23 and August 18, respectively. When the date or time is not an essential element of the offense charged, a mistake respecting the date on which the offense occurred is only a defect of form, which may be corrected at any time with leave of court. State v. Dye, 384 So.2d 420 (La.1980); State v. McCoy, 337 So.2d 192 (La.1976); State v. Frith, 436 So.2d 623 (La.App. 3d Cir.1983), writ denied *766 440 So.2d 731 (La.1983). The date of the prior DWI offense is not essential, nor is the date of the sentencing. It is a defect of form which may be amended at any time. LSA-C.Cr.P. art. 487; State v. Hernandez, 410 So.2d 1381 (La.1982).
Defendant next argues that the court erred in refusing to grant the continuance requested by defendant when the Bill of Information was amended as discussed above. The trial court has great discretion in deciding whether to grant a continuance, and his decision will remain unless he arbitrarily or unreasonably abuses that discretion. State v. Davis, 385 So.2d 193 (La.1980). The purpose of a continuance is the prevention of prejudicial surprise to the defendant. State v. Davis, supra. The defense bears the burden of showing in what respect his defense was prejudiced by the amendment before the trial court will grant a continuance. State v. Hammontree, 363 So.2d 1364 (La.1978); State v. Davis, supra; State v. Williams, 383 So.2d 996 (La.1979). The mere allegation by the defendant that his defense would be affected does not constitute such a showing of prejudice as to render the trial judge's refusal of the continuance an abuse of discretion. State v. Hammontree, supra. Here the defense made no showing either at trial or on appeal that he was surprised or prejudiced by the correction. The docket number of the case and all other particulars were correctly given, and considering that the defendant's counsel had sufficient knowledge of the Red River offense to raise several objections thereto, we cannot see that he was unfairly surprised or prejudiced.
The defendant's third assignment of error alleges that the trial court erred in allowing S-3 to be introduced over his counsel's objection. S-3 is the Red River Parish court minutes showing the defendant's 1982 conviction. Appellant argues that the defendant was not properly Boykinized, and his rights against self-incrimination, his right to counsel, and his right to trial were not properly explained or waived. It should be noted that Ayres did in fact have an attorney at that hearing when he pled guilty to DWI, and that the judge informed him of his right to a trial, to have witnesses called and to confront his accusers. However, the defendant is correct in his contention that the judge did not inform Ayres of his right against self-incrimination.[1] The judge asked the defendant's attorney *767 if the attorney had informed defendant of his rights, but that is not compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It is the state's burden to show that the defendant's guilty plea was taken in compliance with Boykin, and that the defendant expressly and knowingly waived his rights. State v. Santiago, 416 So.2d 524 (La.1982). Since the record does not clearly indicate that the defendant was aware of and waived his right against self-incrimination, the DWI offense of June 24, 1982 in Red River Parish cannot be used as a predicate offense.
The defendant also complained that S-5 should not have been introduced, contending that it was irrelevant. S-5 is an abstract from the Department of Motor Vehicles which showed the date of the Red River offense and sentencing, and defendant's driver's license, in an attempt to show the relationship of the prior offender in the Red River offense to Ayres. The assignment of error is moot because we have already decided that the 1982 conviction in Red River Parish cannot be used as a predicate offense.
Ayres next argues that exhibit S-1 should not have been introduced into evidence over his attorney's objection. Exhibit S-1 is the record of a January 1981 DWI conviction in Winn Parish. Ayres contends that it did not contain facts sufficient on its face to show that the defendant knowingly waived his constitutional right to an attorney in the guilty plea, and thus the prior guilty plea cannot be used as a predicate offense to convict him of a fourth offense DWI. The defendant also argues that S-1 should not have been introduced because it was not properly authenticated, and the person allegedly convicted as shown in the exhibit was not identified as the defendant in the instant case. We address only the issue of the sufficiency of defendant's waiver of counsel, because our disposition of that issue renders the defendant's other objections to the introduction of this exhibit moot.
Appellant objected to the introduction of S-1 on the grounds that the defendant had not knowingly and intelligently waived his right to counsel when entering his guilty plea. An uncounseled DWI conviction may not be used to enhance punishment on a subsequent offense, absent a knowing and intelligent waiver of counsel. State v. Wiggins, 399 So.2d 206 (La.1981). The colloquy[2] between defendant and the judge reveals that the judge twice asked the defendant if he wanted an attorney, and defendant replied both times that he did not. The judge also indicated that Ayres had previously been informed of his right to counsel, which the defendant confirmed. However, nothing in the record indicates that Ayres was made aware of the dangers and disadvantages of self-representation. Absent these cautions, the right to an attorney cannot be considered validly waived. State v. Skeetoe, 501 So.2d 931 (La.App. 2d Cir.1987); Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Nor did the court attempt to determine the defendant's literacy, competency, understanding and volition, as is required before the court can accept the defendant's waiver of counsel. State v. Skeetoe, supra; State v. Bell, 381 So.2d 393 (La.1980). Since the state did not prove a valid waiver of the right to counsel, the uncounseled DWI offense cannot be *768 used as a predicate offense in this fourth offense DWI conviction.
The defendant also objected to the introduction of S-2, the records of an October 1981 DWI conviction in Winn Parish. Ayres first contends that it shouldn't have been introduced because it was not properly authenticated. The documents introduced were certified as being true copies by the clerk of court in Winn Parish. This certification by the clerk of court renders them equivalent in authenticity to the original. LSA-R.S. 15:457. Ayres also argues that the documents are not relevant because there is insufficient connexity between the defendant convicted in the prior case and himself. Stanley Martin, a Louisiana State Trooper, testified that he had arrested Ayres in Winn Parish on August 1, 1981 for DWI. Martin said that he has known Ayres for about 15 years, and identified the defendant in the instant case as the one that he had arrested on that date. The Winn Parish records introduced, document # 25,580 show that Lonnie D. Ayres was arrested on August 1, 1981 and charged with DWI in Winn Parish. The records under this same docket number show that on October 15, 1981 Lonnie D. Ayres pled guilty to second offense DWI.
The Louisiana Supreme Court has found that evidence of a prior conviction is not admissible when there is no evidence identifying the defendant with the person previously convicted other than the same name. In that instance, there is insufficient connexity for the evidence to be relevant. The accused must be shown to be the same person as the defendant previously convicted. City of Monroe v. French, 345 So.2d 23 (La.1977). Here, the connecting link is the testimony of an arresting officer who had known Ayres for 15 years, and could identify the defendant in the instant case as being the same person that he arrested on August 1, 1981. We find that the court did not err in determining this to be sufficient connexity to allow the introduction of the documents proving a predicate offense.
The defendant submits that it was error for the court to allow into evidence S-6, the form signed by Ayres stating that he had been informed of the consequences should he refuse to take the PEI test, and any testimony concerning the PEI test. Ayres contends that these were irrelevant since he did not take the test. LSA-R.S. 32:666, subd. A(3) specifically provides that the refusal to take a PEI is admissible in court in any prosecution for DWI. State v. Washington, 498 So.2d 136 (La.App. 5th Cir.1986). The Louisiana Supreme Court, while not ruling directly on the question of relevancy, has allowed the evidence of the defendant's refusal to take a blood test to be admitted into evidence. State v. Allen, 440 So.2d 1330 (La.1983). This circuit has also ruled that the evidence of a refusal to take the test is admissible. State v. Pennington, 485 So.2d 139 (La.App. 2d Cir. 1986), writ denied 486 So.2d 747 (La.1986). The defendant's refusal is relevant to explain why there were no tests done that would show the defendant's level of intoxication at the time. Under the cases cited above, in order to introduce the evidence of defendant's refusal to take the PEI, the officer must show that defendant was warned of the consequences of his refusal to take the test. Exhibit S-6, the form he signed attesting that he had been informed of and understood his rights, is a necessary predicate to introduction of the testimony that defendant refused the test, and failure to have it in the record could have led to grounds for error.
Officer Little, one of the arresting officers on December 14, 1985, began testifying concerning the circumstances surrounding the defendant's arrest. After the witness testified that he had arrested Ayres at 3:10 p.m., defense counsel objected and requested that this testimony of Trooper Little be stricken because the bill of particulars stated that it had occurred at 3:00 a.m. After the officer's entire testimony was concluded, the court amended the bill of particulars to correspond to the time testified to by the officer. On appeal the defendant assigns as error both the court's refusal to strike the officer's testimony and the amendment of the bill of particulars.
LSA-C.Cr.P. art. 488 allows the bill of particulars to be amended when *769 there is a variance between it and the evidence offered in support thereof. As in State v. Baker, 340 So.2d 565 (La.1976), the defendant complained that the court erred in amending the bill of particulars after the witness had testified to evidence that was different from that contained in the bill. We agree that the better practice would have been to have the bill amended before the evidence was introduced, but there was no reversible error. The defendant did not ask for a continuance following the amendment of the bill of particulars. This does not in and of itself constitute a concession that there was no prejudice. State v. Baker, supra. However, the defendant did not contend at trial or on appeal that he suffered any prejudice from the amendment. Our review of the record shows that the defendant did not inform the court he had an alibi defense or some other defense based on the time of the arrest.
Defendant contends that the trial court erred in allowing Trooper Little to testify about a statement made by the defendant at the time of the arrest without prior notice being given at trial. Officer Little testified that the defendant said that he was so drunk he was unable to take the field sobriety test, so there was no use administering it to him. The record reveals that the defendant was granted pretrial discovery. According to C.Cr.P. art. 768 the defendant is entitled to notice by the state if it intends to introduce an inculpatory statement into writing only if pretrial discovery has not been granted. Since the defendant was never entitled to pretrial notice, he cannot complain that it was not given. State v. Whitaker, 489 So.2d 998 (La.App. 1st Cir.1986), writ denied 494 So.2d 324 (La.1986). Further when a statement sought to be introduced forms a part of the res gestae, there is no requirement that the defendant be given art. 768 notice of the state's intent to use the statement. State v. Barnes, 414 So.2d 711 (La.1982). The Louisiana res gestae doctrine is broad, and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard and observed before, during, or after the commission of the crime, if the continuous chain of events is evident under the circumstances. State v. Kimble, 407 So.2d 693 (La.1981). The defendant's statement was not made in response to a question by the officer, but was a spontaneous statement occurring shortly after the stop took place, and during the field test for sobriety.
In the eleventh and twelfth assignments of error, respectively, the defendant complains that Officers Prescott and Wooten should not have been allowed to testify concerning their opinions of whether the defendant was intoxicated. Defendant argues that there was no foundation laid that would qualify the officers to testify as to their opinions. There is no merit to these two assignments of error. The Louisiana Supreme Court has established that intoxication, with its attendant behavioral manifestations, including disorientation, is an observable condition about which a witness may testify. State v. Neal, 321 So.2d 497 (La.1975)
Our conclusions above make it unnecessary to consider the defendant's final assignment of error, that the sentence of eleven years at hard labor was unconstitutionally excessive.
We have seen above that two of the prior convictions, Red River Parish in 1982, and one in Winn Parish in June of 1981, were improperly used as predicate offenses. The only valid predicate offense proven was the 1981 Winn Parish conviction, docket # 25,580.
Since the state proved only one predicate conviction, the evidence does not support a fourth offense DWI conviction, but only a second offense DWI conviction. When the evidence does not support a conviction of the crime charged, but supports a conviction on a lesser and included offense, this court is authorized to enter a judgment of guilty of the lesser and included offense. State v. Byrd, 385 So.2d 248 (La.1980).
Accordingly, the defendant's conviction and sentence on the charge of driving while intoxicated, fourth offense, are set aside and this matter is remanded to the trial *770 court with instructions to enter a judgment of guilty of DWI, second offense, and to impose a sentence for that crime.
CONVICTION AND SENTENCE SET ASIDE; REMANDED FOR ENTRY OF JUDGMENT OF GUILTY AND FOR SENTENCING.
SEXTON, J., dissents in part and assigns written reasons.
SEXTON, Judge, dissenting.
I agree that the defendant cannot be found guilty of fourth offense DWI because of the infirmity in the Red River Parish guilty plea colloquy.
However, I believe the defendant adequately waived counsel in the Winn Parish conviction. Once again, this court overextends Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); and State v. LaFleur, 391 So.2d 445 (La.1980). See State v. Skeetoe, 501 So.2d 931 (La. App. 2d Cir.1987), Sexton, J. dissenting at 942; and State, City of Bossier City v. Walpole, 459 So.2d 172 (La.App. 2d Cir. 1984), Sexton, J. dissenting at 175.
NOTES
[1] The relevant portion of the colloquy reads as follows:

Q. Do you understand that by entering a plea of guilty, you waive your rights to be tried before this Court (or a Jury), and the right to have any and all witnesses to any facts constituting the crime to be sworn and testify before this Court and you?
A. Yes sir.
Q. You are charged with the crime of Driving While Intoxicated, which is defined as follows (read from the Criminal Code). Do you understand the charge and the definition of the crime of which you are accused?
A. Yes sir.
Q. Do you realize that this Court may, upon your pleading guilty, sentence you to serve (penalty read from the Code)?
A. Yes sir.
Q. Have you discussed these points with your attorney?
A. Yes sir.
Q. Have you had sufficient time to talk with your Counsel about your plea?
A. Yes sir.
Q. Do you know that if you plead not guilty, the State must prove your guilt beyond a reasonable doubt?
A. Yes sir.
Q. Is anyone forcing you to plead guilty?
A. No sir.
Q. Has anyone promised you anything if you enter a plea of guilty, other than the original charge of DWI-2nd being reduced to DWI-1st?
A. No sir.
TO THE ATTORNEY:
Q. Mr. Stephens, you are the attorney for the defendant?
A. Yes sir.
Q. Have you heard the questions this Court has asked the defendant?
A. I have.
Q. Is it your opinion that from the facts stated to you by the defendant that all the elements that constitute the crime are present?
A. Yes sir.
Q. Did you advise the defendant of his constitutional rights of trial by Jury, right to counsel, privilege against self-incrimination, and the right to plead not guilty?
A. I did.
Q. Did the defendant then state to you that he wished to enter a plea of guilty of his own free will and with the full knowledge of the consequences of such a plea?
A. He did.
[2] The relevant portion of the discussion between defendant and the judge took place at the beginning of the hearing and reads as follows:

BY MR. ALLEN: Lonnie D. Ayres. For arraignment also on charge of second offense driving while intoxicated.
BY THE COURT: Mr. Ayres, do you have an attorney?
BY MR. AYRES: No, sir.
BY THE COURT: Do you want to go ahead without an attorney?
BY MR. AYRES: Yes, sir.
BY THE COURT: You were given until today to get you a lawyer and you don't want to get a lawyer, is that what the situation is?
BY MR. AYRES: No sir, I don't want a lawyer.
BY THE COURT: Let the record reflect that he waives his right to counsel. She will read the charge to you and you may enter a plea of guilty or not guilty. You are charged with second offense DWI.