WILLIAMS, Judge.
Defendant, Gregory Warner, appeals his conviction of unauthorized use of a movable valued in excess of $1,000.00, a violation of LSA-R.S. 14:68, as well as his sentence imposed under Louisiana’s Habitual Offender Law, LSA-R.S. 15:529.1. We amend and affirm defendant’s conviction, vacate his sentence, and remand for resen-tencing.
The record shows that, on the evening of August 19, 1987, defendant went to the home of the victim, Barbara Hackett, to view Hackett’s 1976 Chevrolet Blazer which was advertised for sale. After a brief discussion between Hackett and the defendant about the vehicle, Hackett gave the defendant the keys to the Blazer so that he could “run the car back and forth.” At no time did Hackett give defendant permission to remove the vehicle from the premises. Defendant left the keys to his motorcycle with Hackett and drove off in the Blazer. When defendant failed to return after about fifteen minutes, Hackett contacted the police department, reported the incident, and described the defendant.
At about 3:20 the following morning, defendant was seen driving the Blazer and was apprehended in Franklinton, Louisiana. Subsequently, the vehicle was identified and retrieved from Franklinton. Hackett identified the defendant from a photographic lineup and also in court.
*572 Ms. Hackett testified that she and her husband had purchased the Blazer in 1985, two years before the incident, for $2,500.00. She further testified that her husband had “reworked the engine so that it was in very fine running condition,” and that they sold the Blazer in September, 1987, about one month after the incident for $1,700.00.
On November 12, 1987, defendant was charged by bill of information with theft of a vehicle valued in excess of $500.00, a violation of LSA-R.S. 14:67. The information read, in pertinent part, “GREGORY WARNER ... committed theft of a CHEVROLET BLAZER AUTOMOBILE, valued at Five Hundred dollars or more, belonging to BARBARA HACKETT, with the intent to deprive BARBARA HACKETT, permanently of said property,....” Although the bill of information states the highest grade of the offense of theft (over $500.00) it does not assign a value of over $1,000.00 to the Blazer.
On January 11, 1985, a jury found defendant guilty of unauthorized use of a movable valued in excess of $1,000.00. The State filed a multiple bill of information on March 23, 1988, and on April 27, 1988, defendant was adjudicated a second felony offender. Defendant was sentenced to six years at hard labor. Defendant appealed.
The sole issue before this court is whether the verdict that was returned by the jury was unresponsive to the charge of theft of a vehicle valued over $500.00, thereby constituting an error patent on the face of the record.
LSA-C.Cr.P. art. 814 provides:
A. The only responsive verdicts which may be rendered when the indictment charges the following offenses are: 26. Theft:
Guilty of theft of property having a value of five hundred dollars or more.
Guilty of theft of property having a value of one hundred dollars or more, but less than five hundred dollars.
Guilty of theft of property having a value of less than one hundred dollars.
Guilty of attempted theft of property having a value of one hundred dollars or more.
Guilty of attempted theft of property having a value of less than one hundred dollars.

Guilty of unauthorized use of movables having a value in excess of one thousand dollars, but only if a value in excess of one thousand dollars is stated in the indictment.

Guilty of unauthorized use of movables having a value of one thousand dollars or less.
Not guilty.
LSA-C.Cr.P. art. 814(A)(26) [emphasis added].
Additionally, LSA-C.Cr.P. art. 814(D) provides:
Where an offense is graded according to property value or amount of damage, the responsive verdicts shall not include a grade of the offense that is greater than the property value or amount of damage charged in the indictment.
Both the offense of theft and the offense of unauthorized use of a movable are graded according to property value. See LSA-R.S. 14:67, 14:68.
Under the clear and unambiguous language of the code, a defendant cannot be found guilty of unauthorized use of a movable having a value in excess of one thousand dollars unless the indictment alleges a value in excess of one thousand dollars. This is consistent with the jurisprudential criterion to determine responsiveness, that all essential elements of the lesser offenses must be included in the indictment for the offense charged. See LSA-C.Cr.P. art. 814, comment (c).
In the present case, the bill of information did not state a value in excess of $1,000.00. Therefore, the verdict rendered was not responsive to the charge. Accordingly, the verdict finding defendant guilty of unauthorized use of a movable valued in excess of $1,000.00 is set aside. The record supports a finding that the defendant was guilty of unauthorized use of a movable of $1,000.00 or less, a correct responsive ver- *573 diet to the theft charge in the indictment in the present case.
Unauthorized use of a movable having a value of $1,000.00 or less is not a felony. See LSA-R.S. 14:68; LSA-R.S. 14:2. Therefore, defendant was improperly adjudged a second offender under LSA-R.S. 15:529.1, and his sentence must also be set aside.
We pretermit the sole assignment of error raised by counsel for appellant, alleging that defendant was improperly found to be a second felony offender because the evidence was insufficient to support a finding that the Blazer had a value in excess of $1,000.00. Additionally, we note that under the Fourth Circuit Court of Appeal Local Rule 10, the appellant’s assignments of error which were filed pro se without the signature of counsel of record will not be considered by this Court.
For the foregoing reasons, defendant’s conviction and sentence are vacated and set aside, a new verdict of guilty of unauthorized use of a movable valued at $1,000.00 or less is instated, and the case is remanded to the trial court for sentencing in accordance with the new verdict.

VACATED AND REMANDED.