773 So.2d 198 (2000)
STATE of Louisiana, Appellee,
v.
George MAXIE, Appellant.
No. 33,982-KA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2000.
*199 Peggy J. Sullivan, Louisiana Appellate Project, Monroe, LA, Counsel for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, J. Thomas Butler and Tommy J. Johnson, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, C.J., WILLIAMS and KOSTELKA, JJ.
*200 NORRIS, Chief Judge.
The defendant, George Maxie, was convicted by a jury of unauthorized use of a movable valued at more than $1,000.00, a violation of La. R.S. 14:68. The trial court sentenced Maxie to two years at hard labor, suspended, pending the completion of three years of supervised probation. For the reasons expressed below, Maxie's conviction and sentence are vacated and set aside, a new verdict of guilty of unauthorized use of a movable valued at $1,000 or less is entered and the case is remanded to the trial court for resentencing in accordance with the new verdict.

Factual Background
On September 25, 1998, Christina Stewart, an employee of Southwestern Wholesale Company, a wholesaler of hunting wear, sporting goods and footwear, went to Veterans Bingo Hall, which is located next door to the Midtown Bazaar and Flea Market. While at the Bingo Hall, Ms. Stewart noticed Maxie unloading boxes similar to those used at Southwestern from his truck and taking them into the Bazaar. Ms. Stewart reported her observations to Southwestern's owner, Scott Lawrence, who then asked her to return to the Bazaar and go inside, where she noticed that several items of merchandise that Southwestern purchases and stocks were on sale. Notably, much of the merchandise was new and still in its original wrapper or container from the manufacturer.
After Mr. Lawrence personally confirmed that the merchandise in the Bazaar was Southwestern's, he and Ms. Stewart notified the police. Investigating officers learned from the owner of the Bazaar, Ms. Ann Coleman, that Maxie sold her the merchandise, claiming that it was seconds from the warehouse where he worked. Police then confiscated and catalogued the merchandise and arrested Maxie later the same day, charging him with felony theft, in violation of La. R.S. 14:67. A subsequent amended bill of information dated October 21, 1999 stated that Maxie "committed a theft of property, of a value of over $500.00, belonging to Southwestern Wholesale, Inc."
At trial, Mr. Lawrence identified the boxes recovered from the Bazaar as ones removed from Southwestern and that they bore case numbers indicating that they were part of a shipment to Southwestern from La Crosse. Likewise, he also testified that the 107 items of merchandise that Maxie sold to Midtown Bazaar were taken from Southwestern without his consent. He also noted that all of the merchandise recovered was new; there were no seconds as Maxie claimed. Although employees were permitted to buy stock at cost, and in some instances merchandise was given to employees, Mr. Lawrence testified that Maxie never bought, nor was he given, this quantity from Southwestern. As a warehouseman, Mr. Lawrence testified that Maxie would have had access to the merchandise and that he was seen parking his vehicle in close proximity to the warehouse on various occasions. In addition, Mr. Lawrence noted that eight pair of men's six-pocket pants were uniquely labeled and marked by waist size, as opposed to sizing by small, medium, large and extra-large. This labeling was consistent with Southwestern's inventory methods, and to Mr. Lawrence's knowledge, his company was the only company in the country that purchased the pants from the manufacturer in this manner. Mr. Lawrence additionally testified that the wholesale cost of the merchandise recovered was $2,899.71, while the resale loss was approximately $3,800.00. On cross-examination, however, Mr. Lawrence admitted that no one saw Maxie remove the merchandise from Southwestern.
Maxie, testifying on his own behalf, claimed that he did not wrongfully take this merchandise from Southwestern, contending that he obtained the items from various sources including garage and yard sales, roadside vendors, and other flea markets, and that some of the items were purchased by him or given to him by Southwestern. He admitted that he had *201 no receipts to verify that the items had been purchased from either Southwestern or elsewhere.
A jury convicted Maxie on October 22, 1999 of unauthorized use of a movable valued at more than $1,000.00. On October 27, 1999, the trial court sentenced Maxie to two years at hard labor, suspended, pending the satisfactory completion of three years of supervised probation. As a special condition of probation, Maxie was ordered to serve four months in the parish jail.
Following the imposition of his sentence, Maxie filed a motion for new trial and for post verdict judgment of acquittal which was denied by the trial court on October 27, 1999. He also filed a motion to reconsider sentence which was denied by the trial court on March 28, 2000. This appeal followed.

Discussion
On appeal, Maxie urges two assignments of error: sufficiency of the evidence and that the trial court erred when it included a non-responsive verdict in the jury instructions and on the verdict form. Because of the nature of the patent error noted in this record, we shall address his second assignment of error first before reviewing his contention that there was insufficient proof to support a conviction.
In his second assignment of error, Maxie notes that he was charged by bill of information with a theft in excess of $500.00, yet contrary to La. C.Cr.P. art. 814 D, the jury returned a verdict of unauthorized use of a movable valued in excess of $1,000.00. The state concedes in its brief that the verdict was not responsive and Maxie's conviction and sentence should be vacated and a verdict of guilty of unauthorized use of a movable valued at $1,000.00 or less be entered. We agree. State v. Warner, 543 So.2d 571 (La.App. 4th Cir.1989).
In its jury charge, the trial court included as a possible verdict: "6. Guilty of Unauthorized Use of Movables Having a Value in excess of One Thousand Dollars," and the responsive verdict form likewise included this as a possible verdict. The jury returned this very verdict.
La.C.Cr.P. art. 814 provides, in pertinent part:
A. The only responsive verdict which may be rendered when the indictment charges the following offenses are:

* * *
26. Theft:
Guilty of theft of property having a value of five hundred dollars or more.
Guilty of theft of property having a value of one hundred dollars or more, but less than five hundred dollars.
Guilty of theft of property having a value of less than one hundred dollars.
Guilty of attempted theft of property having a value of one hundred dollars or more.
Guilty of attempted theft of property having value of less than one hundred dollars.
Guilty of unauthorized use of movables having a value in excess of one thousand dollars, but only if a value in excess of one thousand dollars is stated in the indictment.
Guilty of unauthorized use of movables having a value of one thousand dollars or less.
Not guilty.
(Emphasis added.)
In addition, La. C.Cr.P. art. 814 D states:
Where an offense is graded according to property value or amount of damage, the responsive verdicts shall not include a grade of the offense that is greater than the property value or amount of damage charged in the indictment.
Article 814D applies to the offense of theft and the offense of unauthorized use of a movable since they are both graded *202 according to property value. La. R.S. 14:67; 14:68.
In State v. Warner, supra, the Fourth Circuit confronted an analogous situation where a defendant was charged by bill of information with theft of a vehicle valued in excess of $500.00 but the jury returned a non-responsive guilty verdict of unauthorized use of a movable valued in excess of $1,000. Noting that a verdict finding the defendant guilty of a graded offense in excess of the dollar amount alleged in the indictment or bill of information is unresponsive and constitutes error patent on the face of the record, but that the record supported a finding that the defendant was in fact guilty of unauthorized use of a movable of $1,000 or less, the court set aside the incorrect verdict and entered the proper verdict. Id. at 572; see also, State v. Thibodeaux, 380 So.2d 59 (La.1980)(trial court is without authority to vary or to add to the prescribed verdicts of La.C.Cr.P. art. 814); see also, State v. Carter, 96-358 (La.App. 5th Cir.11/26/96), 685 So.2d 346, 355.
In the present case, the jury's guilty verdict is similarly unresponsive and contrary to the clear and unambiguous language of the code. As such, Maxie's conviction and sentence are vacated and set aside.
When the evidence does not support a conviction of the crime charged, but supports a conviction on a lesser and included offense, this court is authorized to enter a judgment of guilty of the lesser and included offense. State v. Byrd, 385 So.2d 248 (La.1980); State v. Ayres, 509 So.2d 763 (La.App. 2d Cir.1987). Since the trial court record and evidence adduced at trial support the correct responsive verdict of guilty of unauthorized use of a movable valued at $1,000 or less (as more fully explained below), this verdict is entered and the case remanded for resentencing.

Sufficiency of the evidence
In his first assignment of error, Maxie urges that the state failed to establish the required elements of the unauthorized use of a movable beyond a reasonable doubt. Specifically, Maxie claims that the state failed to prove beyond a reasonable doubt that he stole the items in question, or removed them without permission (i.e., unauthorized use), as opposed to having purchased them from his employer or from other sources.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
Circumstantial evidence is evidence of facts or circumstances from which one might infer or conclude the existence of other connected facts. Circumstantial evidence consists of proof of collateral facts *203 and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Lilly, 468 So.2d 1154 (La. 1985); State v. Turner, 591 So.2d 391 (La. App. 2d Cir.1991), writ denied, 597 So.2d 1027 (La.1992).
When circumstantial evidence forms the basis for the conviction, such evidence must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The court does not determine whether another possible hypothesis suggested by the defendant could afford an exculpatory explanation of the events; rather, when evaluating the evidence in the light most favorable to the prosecution, the court determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under Jackson v. Virginia. State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La. App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La. 11/15/96), 682 So.2d 760, writ denied, 98-0282 (La.6/26/98), 719 So.2d 1048.
La. R.S. 14:68 states, in pertinent part:
A. Unauthorized use of a movable is the intentional taking or use of a movable which belongs to another, either without the other's consent, or by means of fraudulent conduct, practices, or representations, but without any intention to deprive the other of the movable permanently. The fact that the movable so taken or used may be classified as an immovable, according to the law pertaining to civil matters, is immaterial.
On this record, Maxie's argument that the evidence at trial was insufficient to prove that he took the merchandise by means of fraudulent conduct, practices or representations is unpersuasive. Although there was no direct witness to the taking, the circumstantial evidence was overwhelming. Mr. Lawrence testified that Maxie had access to Southwestern's merchandise, that he would park his vehicle in close proximity to the warehouse, that the boxes of merchandise Maxie carried into the Midtown Bazaar were from Southwestern, that all of the items recovered were new merchandise which was presently stocked by Southwestern, and that some of the items were labeled in a manner unique to Southwestern. In addition, Ms. Coleman testified that Maxie told her that they came from the warehouse where he worked. Notably, the jury rejected Maxie's alternative explanation regarding how he obtained this merchandise; such a credibility call will not be overturned on appeal. State v. Edwards, 25,963 (La.App.2d Cir.5/4/94), 637 So.2d 600.
Although the record would support a verdict of theft, i.e., a taking with the intent to permanently deprive the victim of the items under La. R.S. 14:67, the jury's apparent conclusion that Maxie lacked such intent is not a proper subject for appellate review if the state's evidence is sufficient overall to support a conviction. State v. Simms, 465 So.2d 769 (La.App. *204 5th Cir.1985). Accordingly, the only remaining permissible responsive verdict under these circumstances is that of "guilty of unauthorized use of a movable having a value of $1,000 or less."
As such, viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that the evidence presented was sufficient to prove all of the elements of the offense of unauthorized use of a movable having a value of $1,000 or less. Maxie's argument to the contrary lacks merit.

Conclusion
For the reasons expressed herein, Maxie's conviction and sentence are vacated and set aside, and a new verdict of guilty of unauthorized use of a movable having a value of $1,000 or less is entered. This case is remanded to the trial court for sentencing of the defendant consistent with the new verdict.
CONVICTION AND SENTENCE VACATED AND SET ASIDE; VERDICT OF GUILTY OF UNAUTHORIZED USE OF A MOVABLE HAVING A VALUE OF $1,000 OR LESS ENTERED; REMANDED FOR SENTENCING.